UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TOMMY O., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-CV-258-JVB-SLC |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1] filed on July 19, 2019, and on an Opening Brief [DE 17-1] filed on January 17, 2020. Both documents were filed by Plaintiff Tommy O. The Court referred this case to Magistrate Judge Susan Collins for a report and recommendation under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1. [DE 13]. Judge Collins issued her Report and Recommendation on June 3, 2020, recommending that the decision of the Administrative Law Judge (ALJ) be reversed and that this case be remanded for further administrative proceedings. The Commissioner filed objections on June 16, 2020. Plaintiff filed a response on June 30, 2020. For the reasons stated below, the Court grants the relief requested in the Complaint and remands this matter for further administrative proceedings.

### STANDARDS OF REVIEW

#### A. Review of Report and Recommendation

Under 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition of dispositive motions. The court "may accept, reject, or modify, in whole or in part," the magistrate judge's report. *Id.* at § 636(b)(1). "A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Portions of the report to which there is no objection are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

### B. Review of Decision of the Commissioner of Social Security

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

2

**ANALYSIS**

Plaintiff makes three arguments for reversing the ALJ's decision. Judge Collins addressed one of these arguments, finding it dispositive, and found analysis of the remaining two arguments to be unnecessary. The argument addressed in the report and recommendation is Plaintiff's contention that the ALJ erred in assigning weight to the medical opinions in the record. The Commissioner objected to three parts of Judge Collins's analysis on this issue, which the Court will review de novo below. The Court has reviewed the rest of Judge Collins's report and, finding no clear error, adopts those portions of Judge Collins's report.

**A. Assigning Weight to Medical Opinions**

In determining whether a claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . received." 20 C.F.R. § 416.927(b). The ALJ evaluates every medical opinion received. *Id.* at § 416.927(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts consulted by the ALJ. *Id.* at § 416.927(e)(2).

When an ALJ is assigning weight to a non-treating physician's opinion, the ALJ considers several factors and must explain in the decision the weight given to each opinion. 20 C.F.R. § 416.927(c), (f); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). Social Security Ruling ("SSR") 96-5p[1] clarifies that "medical source statements may actually comprise separate medical opinions regarding diverse physical and mental functions, such as walking, lifting, seeing, and remembering instructions, and that it may be necessary to decide whether to adopt or not adopt each one." 1996 WL 374183, at *4 (July 2, 1996).

---

[1] Though now rescinded, SSR 96-5p still applies to claims filed before March 27, 2017, as was Plaintiff's.

3

Although an ALJ need only "minimally articulate" her reasons for discounting a medical opinion, *Elder v. Astrue*, 529 F.3d 408, 416 (7th Cir. 2008), she must provide "specific, legitimate reasons constituting good cause" before rejecting the opinion. *Knight v. Chater,* 55 F.3d 309, 313 (7th Cir. 1995). "An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003); *see also* 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."). "[R]ejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled . . . can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014).

*1.     Dr. Nordstrom*

The ALJ wrote the following in her decision regarding the medical opinions of Dr. Nordstrom:

> The undersigned grants little weight to the opinions of the consultative examiner, Dr. Craig Nordst[r]om, who opined that the claimant appeared to have significant difficulties in social interaction. These opinions are not generally consistent with the findings of the consultative examination, as it was noted that the claimant was marginally cooperative and had been able to participate in the mental status examination.

(AR 29 (citation omitted)). The reason cited by the ALJ does not make logical sense. The Court does not see how Plaintiff's ability to participate in the mental status examination and his being "marginally" cooperative are "not generally consistent" with Dr. Nordstrom's opinion that Plaintiff has significant difficulties in social interaction. It is unclear how the ALJ came to this conclusion.

4

Perhaps she thought that, since she considered marginal cooperation and participation in the mental status examination to be consistent with the residual functional capacity (RFC) that she found Plaintiff to have, this same evidence must be inconsistent with opinions that are inconsistent with that RFC. However, this is not so. Consider evidence that a rock weighs between 10 and 15 pounds. This evidence is consistent with the outcomes of the rock weighing 11 pounds and with the rock weighing 12 pounds, even though the two outcomes are inconsistent *with each other*.

Or, perhaps she thought that the marginal cooperation and participation in the mental status examination did not support Dr. Nordstrom's opinion. This is also a different matter than being inconsistent. For example, evidence that a person owns a red car does not support a statement that the same person owns a blue bicycle, but it is also not inconsistent for that person to have both a red car and a blue bicycle.

Dr. Nordstrom examined Plaintiff at the Social Security Administration's request, so the Court expects a "good explanation for this unusual step." *Beardsley*, 758 F.3d at 839. The ALJ did not provide one. There is no logical bridge here connecting the evidence cited to the ALJ's conclusion that Dr. Nordstrom's opinion is entitled to only little weight.

The Commissioner contends that any error in assigning weight to Dr. Nordstrom's opinion is harmless because the ALJ included limitations in Plaintiff's RFC that would accommodate even the significant difficulties opined by Dr. Nordstrom. The ALJ found that Plaintiff had the RFC to have "only incidental, superficial work-related type contact with coworkers and supervisors" and no contact with the general public. (AR 23). Thus, it is true that the ALJ has included social interaction limitations, but there is no indication that the ALJ would have found the same limitations had she more fully credited Dr. Nordstrom's opinion. For example, she may have found that Plaintiff could not tolerate any contact with coworkers, a limitation that draws some support

5

from Plaintiff's work history, which includes him being fired after he became angry and threw a box of cereal at a co-worker's face. (AR 749). The Court finds that the error is not harmless and requires remand. Defendant's objection to Judge Collins's report and recommendations regarding the weight assigned to Dr. Nordstrom's medical opinion is overruled.

    *2.     Dr. Gopal and Dr. Singh*

The ALJ provided the following analysis regarding the medical opinions of Dr. Gopal and Dr. Singh, whose opinions she gave little weight:

> During [a] mental status examination, the claimant could recall four digits forwards, and two digits backwards. He could recall one of three words after a time lapse of fine minutes. The claimant could correctly calculate two of seven simple mathematical problems. He could not perform the serial sevens exercise. The claimant displayed an anxious mood, but his speech was relevant, coherent, and goal directed. The claimant reported that he could make his own meals, and that he was independent in his activities of daily living. He reported that he liked [to] watch television, and that he would stay home all day. The diagnostic impressions included bipolar one disorder, and generalized anxiety disorder. Dr. [Gopal] and Dr. Singh, the examiners, opined that is was likely that the claimant had a neurocognitive disorder following a coma where he had mixed alcohol with a drug, but these opinions are granted little evidentiary weight because there is no standardized testing to support their opinions.

(AR 25-26 (citations omitted)). There is no objection before the Court regarding the light weight given to the opinion regarding a neurocognitive disorder, which Judge Collins recommended by affirmed. With no objection and seeing no clear error, the Court has adopted that part of Judge Collins's report.

Regarding the rest of Dr. Gopal's and Dr. Singh's medical opinions, the Court agrees with Judge Collins that the ALJ has provided insufficient explanation to support the weight assigned. The only reason given is that there is no standardized testing to support the opinions. However, a mental status examination was made, and the doctors cited the examination in finding Plaintiff to "have impaired performance in all domains." (AR 531). As with Dr. Nordstrom, Dr. Gopal and Dr. Singh examined Plaintiff at the Social Security Administration's request, so the Court expects

a "good explanation for this unusual step" of discounting their medical opinions. *Beardsley*, 758 F.3d at 839.

The Commissioner argues that the opinion that Plaintiff likely has a neurocognitive disorder, which the ALJ properly discounted, provided the foundation for the rest of Dr. Gopal's and Dr. Singh's opinions. Thus, under the Commissioner's reasoning, the rest of the opinions must fall with the neurocognitive disorder opinion. There are at least two problems with this argument. First, there is no indication in the consultative examination report that this "foundation" theory is true. *See* (AR 528-31). Second, the ALJ did not use this reasoning to discount Dr. Gopal's and Dr. Singh's opinions. Therefore, the Commissioner is not permitted to defend the ALJ's decision using this reasoning. *See Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010). The objection is overruled.

    *3.*    *Dr. Johnson and Dr. Gange*

Regarding Dr. Johnson and Dr. Gange, neither of whom examined Plaintiff, the ALJ changed course and

> grant[ed] great weight to the opinions of the State Agency Psychological Consultants who opined that the claimant appeared capable of unskilled tasks, as these opinions are generally consistent with the medical evidence of record, particularly the longitudinal treatment history from Regional Mental Health Center that indicated that the claimant experienced improvement after treatment.

(AR 29 (citations omitted)). As Judge Collins identified, all of the treating and examining doctors of record found Plaintiff to be more severely impaired than Dr. Johnson and Dr. Gange found him to be. Three of these doctors—Dr. Nordstrom, Dr. Gopal, and Dr. Singh—examined Plaintiff at the Social Security Administration's request. Thus, the statement that these opinions are "generally consistent with the medical evidence of record" is suspect, as the opinions are inconsistent with all treating and examining medical opinions. A relevant regulation provides that "[g]enerally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 416.927(c)(1).

7

Further, the ALJ made a common mistake of equating medical improvement with an ability to work full time. "Simply because one is characterized as 'stable' or 'improving' does not necessarily mean that [he] is capable of doing [full-time, competitive] work." *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014).

After performing the above de novo review, the Court agrees with Judge Collins that the mistakes made in assigning weight to Dr. Nordstrom's, Dr. Gopal's, and Dr. Singh's medical opinions undermine the great weight given to the inconsistent opinions of Dr. Johnson and Dr. Gange, neither of whom examined Plaintiff. Citation to records indicating "improvement" do not cure this problem, as improvement is a comparative term that does not indicate any particular level of functioning. The objection is overruled

## CONCLUSION

Based on the foregoing, the Court hereby **OVERRULES** Defendant's Objections to Magistrate Judge's Report and Recommendation [DE 24], **ADOPTS** the Report and Recommendation [DE 23], **GRANTS** the relief requested in the Opening Brief [DE 17-1], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings consistent with this opinion.

SO ORDERED on August 3, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
